**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,
Plaintiff-Appellant,

v.                                                          No. 98-2579

ISIDRO R. MARTINEZ, M.D.; ROBIN
JAFARI, M.D.,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-97-4102-L)

Argued: May 6, 1999

Decided: May 20, 1999

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Bryan David Bolton, FUNK & BOLTON, P.A., Balti-
more, Maryland, for Appellant. Linda M. Schuett, Annapolis, Mary-
land, for Appellees. **ON BRIEF:** Michael R. McCann, FUNK &
BOLTON, P.A., Baltimore, Maryland, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Lincoln National Life Insurance Company (Lincoln National) instituted this action seeking a declaration that it had no obligation to pay benefits under a disability income insurance policy that it had previously issued. Lincoln National now appeals an order of the district court granting summary judgment against the insurer. Concluding that the district court properly granted summary judgment, we affirm.

I.

Dr. Isidro R. Martinez became a shareholder in Dr. Robin Jafari's gynecological and obstetrical practice by purchasing 49 percent of the outstanding stock. Both doctors and the practice contracted that in the event of either doctor's disability, the non-disabled doctor would have the option to purchase the disabled doctor's stock. They further agreed that if this option were not exercised, the practice would buy the shares. In order to fund such a purchase, Dr. Martinez obtained a disability income insurance policy on Dr. Jafari from Lincoln National.

Dr. Jafari subsequently suffered a permanent disabling injury. After a lengthy investigation, Lincoln National wrongly denied that Dr. Jafari was disabled and refused to pay the policy proceeds. Over 15 months after the onset of the disability, Dr. Martinez, Dr. Jafari, and the practice entered into a settlement agreement under which Dr. Jafari transferred his shares in the practice to Dr. Martinez, and Dr. Martinez and the practice agreed to assist Dr. Jafari in obtaining the policy benefits. Less than one month later, Lincoln National finally admitted that Dr. Jafari was disabled. However, the company immediately initiated this declaratory judgment action against Drs. Martinez and Jafari, contending that several of the conditions neces-

2

sary to trigger policy liability had not been satisfied. The district court subsequently concluded that Lincoln National was obligated to pay the insurance benefits.

II.

Lincoln National contends that the district court erred in granting summary judgment against it because liability under the policy terms is triggered only by Dr. Martinez' timely exercise of his option to purchase Dr. Jafari's shares with his own funds before making a claim for the insurance proceeds. It also maintains that the settlement agreement precludes liability under the policy. Both bases for alleged error are without merit.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Lincoln Nat'l Life Ins. Co. v. Martinez, No. L-97-4102 (D. Md. Oct. 1, 1998).

AFFIRMED

3